**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 6, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALFONSO LEOS-HERNANDEZ,

Defendant - Appellant.

No. 06-3106
(D. Ct. No. 06-CV-3007-MLB)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA**, Chief Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.[**]

Petitioner Alfonso Leos-Hernandez was charged with unlawful re-entry into the United States after conviction of an aggravated felony in violation of 8 U.S.C. §§ 1326(a) and (b)(2). He pleaded guilty and was sentenced to 87 months' imprisonment; both his conviction and sentence were affirmed on direct appeal. Proceeding pro se, he now seeks a certificate of appealability ("COA") to challenge the District Court's denial of his 28

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

U.S.C. § 2255 petition.  We exercise jurisdiction under 28 U.S.C. § 1291, deny the application for COA and dismiss the appeal.

## I. DISCUSSION

The denial of a petition for relief under § 2255 may be appealed only if the district court or this Court first issues a COA.  28 U.S.C. § 2253(c)(1)(B).  A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In order to make such a showing, the applicant must demonstrate that "reasonable jurists could debate whether. . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Mr. Leos-Hernandez raises two issues in his application for a COA.[1]  First, he claims that his guilty plea was coerced and involuntary because he could not understand English and the court failed to provide him with an interpreter.  He maintains that this amounts to a violation of his right to due process.  This claim is without support in the record, and Mr. Leos-Hernandez does not provide any evidence to support this claim in his application.  In fact, all testimony in the plea hearing transcript supports a finding to

---

[1]In addition, Mr. Leos-Hernandez appears to object to the District Court's suggestion that the Assistant United States Attorney consider prosecuting Mr. Leos-Hernandez and the inmate who helped draft his petition for making false statements in connection with this proceeding.  Because it does not appear that Mr. Leos-Hernandez was in fact prosecuted, we do not address this issue.

the contrary. Therefore, we conclude that Mr. Leos-Hernandez has failed to make a substantial showing of the denial of a constitutional right and deny a COA on this issue.

Mr. Leos-Hernandez's next argument turns on the District Court's application of U.S.S.G. § 2L1.2, which provides for a 16-level enhancement "[i]f the defendant previously was deported, or unlawfully remained in the United States, after a conviction for a felony that is . . . a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The District Court imposed the enhancement due to a 1986 manslaughter conviction, which Mr. Leos-Hernandez admitted committing as part of his unlawful re-entry plea agreement. In his petition, Mr. Leos-Hernandez argues that this manslaughter conviction does not constitute a crime of violence within the meaning of § 2L1.2(b). This claim is entirely without merit. The Guidelines specifically provide a list of crimes that constitute a crime of violence, in which manslaughter is included. *See* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). Thus, Mr. Leos-Hernandez has again failed to make a substantial showing of the denial of a constitutional right, and we deny a COA on this issue.

## II. CONCLUSION

For the foregoing reasons we DENY Mr. Leos-Hernandez's application for a COA and DISMISS his petition.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

- 3 -